MARVIN, Judge.
* In this appeal, the sustaining of defendant’s exception of no cause of action questions the applicability of the Louisiana homestead exemption laws to the defendant, who was the purchaser of plaintiff’s equity in the home when it was sold under execution of a federal tax lien.
After plaintiff’s equity in the home was sold and she failed to exercise her right of redemption under federal law, the purchaser sued to evict her in the Shreveport City Court. Plaintiff then brought the instant action in the district court, seeking an injunction of the eviction proceedings and recognition of her homestead rights under LSA-Const. Art. 12, § 9 and LSA-R.S. 20:1. Plaintiff’s appeal is from a judgment dismissing her action on defendant’s exception of no cause of action.
Plaintiff concedes that IRS proceeded legally and that defendant acquired title at the tax sale. See 26 U.S.C.A. §§ 6331-6339. She also recognizes that a tax debt- or’s homestead is not exempt under federal law. 26 U.S.C.A. § 6334. She argues that defendant acquired only her “equity” in the home, subject to prior mortgages, and that her equity should be made subject to the Louisiana homestead exemption by requiring defendant to pay her the amount of the exemption before she is required to surrender her homestead. We find no authority to support plaintiff’s ingenious argument and affirm the judgment.
We have recognized that a homestead claimant is akin to a creditor with respect to the proceeds of a judicial sale and that all claimants to the proceeds from the sale of the homestead should be paid according to their respective ranking. Ouachita Nat. Bank in Monroe v. Rowan, 345 So.2d 1014 (La.App. 2d Cir.1977). Plaintiff’s home was not sold at a judicial sale under Louisiana law, but under federal law, and this action does not concern distribution of the proceeds from the sale.
The federal tax lien primes the Louisiana homestead. 26 U.S.C.A. § 6334, Harvey v. *308 Thomas, 239 La. 510, 119 So.2d 446 (1960). Even should we treat the homestead exemption as an encumbrance of some type against the property, federal law explicitly states that the deed executed under a federal tax levy “shall discharge [the] property from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority.” 26 U.S.C.A. § 6339(c). Compare Fortier v. Fortier, 200 So.2d 901 (La.App. 4th Cir.1967).
Additionally, the Louisiana homestead exemption extends to the owner, who occupies, the home. See LSA-R.S. 20:1. Plaintiff was not the owner after she failed to exercise her redemption rights within the time allowed by federal law and federal authorities deeded the property to defendant.
At appellant’s cost, judgment is AFFIRMED.